UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LEHMAN RE, LTD., as successor in interest to LEHMAN BROTHERS HOLDINGS, INC., a Bermuda Corporation, | ) ) ) ) | 2:09-CV-1527-ECR-LRL<br><br>MINUTES OF THE COURT<br><br>DATE: November 29, 2010 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LUSARDI CONSTRUCTION CO., et al., | ) ) | |
| Defendants. | ) ) ) | |

PRESENT: _____EDWARD C. REED, JR._____     U. S. DISTRICT JUDGE

Deputy Clerk: ___COLLEEN LARSEN_____   Reporter: ____NONE APPEARING____

Counsel for Plaintiff(s) _____NONE APPEARING_____

Counsel for Defendant(s) _____NONE APPEARING_____

<u>MINUTE ORDER IN CHAMBERS</u>

This case was dismissed without prejudice due to Plaintiff's failure to add a necessary party.  Plaintiff has since filed suit in state court, and claims that Plaintiff is unable to proceed in this court because adding LB/VPC Nev-Centennial Hills, LLC, a necessary party to this action, would destroy our diversity jurisdiction.

On August 12, 2010, Defendant Lusardi Construction Company ("Lusardi") filed a Bill of Costs (#66) requesting $681.69 as the prevailing party. Plaintiff filed an Objection (#68) to the Bill of Costs (#66), and Defendant replied (#70).  On September 15, 2010, the Clerk taxed costs in the amount of $156.69, agreeing with Plaintiff that certain items included in Defendant Lusardi's Bill of Costs are not recoverable.  Specifically, Defendant Lusardi requested a filing fee of $350.00 in error, and also requested $175.00 for the pro hac vice application fee, which the Clerk denied on the basis that Local Rule 54-2 makes no provisions for such fees to be taxed.

Costs should be allowed to the prevailing party and shall be taxed as provided by the Clerk (#73).  FED. R. CIV. P. 54(d).  Neither the Local

Rules nor the relevant federal statutes provide for costs to be taxed for the pro hac vice application fee.

Also pending is a Motion for Attorney's Fees and Costs (#67) filed by Defendant Lusardi.  The Motion (#67), insofar as it seeks costs, is inappropriate.  The proper vehicle to seek costs is a Bill of Costs.  Such Bill (#66) has been filed by Defendant.  The Motion (#67), insofar as it seeks an award of costs, is **DENIED**.

Defendant Lusardi also moves (#67) for an award of attorney's fees based on Plaintiff's allegedly vexatious conduct, unnecessary delays, and obvious forum shopping.

Under Nev. Rev. Stat. § 7.085, a court may award attorney's fees if it finds that an attorney has, *inter alia*, unreasonably and vexatiously extended a civil action or proceeding.  We do not agree with Defendant Lusardi that Plaintiff's actions were vexatious or unreasonable.  Nor has Defendant Lusardi cited any authority that forum shopping may serve as the basis for an award of attorney's fees, even were we to find that Plaintiff's actions amounted to forum shopping.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's Motion (#67), insofar as it seeks attorney's fees, is **DENIED**.  Costs in the amount of $156.69 shall be taxed against Plaintiff as provided by the Clerk.

LANCE S. WILSON, CLERK

By _____/s/_____
        Deputy Clerk

2